NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANGHAI EIDIE INTERNATIONAL TRADING CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TRANSMODAL CORP., *et al.*, <br><br> Defendants. | Civil Action No. 12-6219 (CCC) <br><br><br> **REPORT AND RECOMMENDATION** |

**Falk, U.S.M.J.**

Before the Court is the motion of Defendant Transmodal Corporation ("Defendant") to dismiss the Complaint pursuant to Rule 41(b), see CM/ECF No. 55;

and it appearing that this is a maritime case arising out of the shipment of goods;

and it appearing that Plaintiff Shanghai Eidie International Trading Co., Ltd. ("Plaintiff") is a corporate entity;

and it appearing that on June 12, 2013, Plaintiff's counsel ("Counsel") filed a motion to withdraw which was served upon Plaintiff the same day, see CM/ECF No. 48;

and it appearing that on July 10, 2013, the Court, upon a finding that a breakdown in the relationship precluded Counsel's continued representation of Plaintiff in this case, and having considered Plaintiff's status as a corporate entity[1], granted the motion to withdraw and directed Plaintiff to have substitute counsel enter an appearance on its behalf no later than August 15, 2013, see CM/ECF No. 52;

---

[1] A corporate entity may not proceed *pro se*. Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966).

and it appearing that the Court's July 10, 2013 Order further provided that if Plaintiff failed to retain substitute counsel by August 15, 2013, upon application by Defendants, the Magistrate Judge would recommend to the District Judge dismissal of the action with prejudice;

and it appearing that Counsel served the July 10, 2013 Order upon Plaintiff, see CM/ECF No. 53;

and it appearing that despite Plaintiff having received a warning from the Court that its Complaint might be dismissed if it failed to retain substitute counsel, new counsel has not entered an appearance on its behalf;

and it appearing that Defendant filed this motion in accordance with the Court's July 10, 2013 Order;

and it appearing that Plaintiff has not opposed the instant motion;

and it appearing that Plaintiff is wholly responsible for its failure to retain new counsel despite the Court's Order that it do so if it intends to continue with the prosecution of this matter;

and it appearing Plaintiff's conduct has prejudiced the Defendant inasmuch as this case has been pending for 18 months, 8 months of which Plaintiff has been unrepresented by counsel and unable to actively prosecute this matter;

and the Court having determined that Plaintiff is solely responsible for the consequent lack of progress in this case;

and the Court having determined that Plaintiff has willfully and completely abandoned this case and has made an adjudication of this matter impossible;

and the Court having concluded that Plaintiff's behavior suggests that imposition of a sanction other than dismissal would be futile, see Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984);

**It is on this 17th day of April 2014**,

Respectfully recommended that Defendant's motion be granted and Plaintiff's Complaint be dismissed with prejudice.

Defendant shall serve a copy of this Report and Recommendation upon Plaintiff

within 5 days of its receipt.

                                          **s/Mark Falk**
                                          **MARK FALK**
                                          **United States Magistrate Judge**